**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GLOBALROCK NETWORKS, INC.,**

           **Plaintiff,**           **1:09-cv-1284**
                                        **(GLS\RFT)**
      **v.**

**MCI COMMUNICATION SERVICES, INC.,**
d/b/a **VERIZON BUSINESS NETWORK SERVICES,**

           **Defendant.**
_____

**APPEARANCES:**                     **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Herzog Law Firm               KEITH J. ROLAND, ESQ.
7 Southwoods Boulevard
Albany, NY 12211-3163

**FOR THE DEFENDANT:**

Phillips, Lytle Law Firm         MARC H. GOLDBERG, ESQ.
Omni Plaza
30 South Pearl Street
Albany, NY 12207

Kellogg, Huber Law Firm       BRENDAN J. CRIMMINS, ESQ.
1615 M Street, N.W., Suite 400  MELANIE L. BOSTWICK, ESQ.
Washington, DC 20036         SCOTT H. ANGSTREICH, ESQ.

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff GlobalRock Networks, Inc. commenced this action against MCI Communication Services, Inc., doing business as Verizon Business Network Services (Verizon), alleging, among other things, breach of contract, fraud, and negligence in connection with Verizon's provision of certain telecommunication services to GlobalRock. (*See* Am, Compl., Dkt. No. 20.) Pending is Verizon's motion to dismiss GlobalRock's amended complaint, in part, pursuant to FED. R. CIV. P. 9(b) and 12(b)(6). (Dkt. No. 25:1.) For the reasons that follow, the motion is denied.

### **II. Background**

Plaintiff GlobalRock is a provider of prepaid calling card services, and defendant Verizon is a telecommunications carrier. (*See* Am. Compl. ¶¶ 1, 4, Dkt. No. 20.) On July 9, 1999, the parties' predecessors-in-interest entered into a Telecommunications Services Agreement (TSA). (*See id.* at ¶ 3.) Under the TSA, Verizon agreed to provide telecommunications services to GlobalRock, which GlobalRock would resell as part of its calling card business. (See *id.* at ¶¶ 3, 29-30.)

2

The TSA establishes specific per-minute rates to be applied to "interstate" calls and a different per-minute rate to be applied to "intrastate" calls, and also specifies discounts and other rates, terms, and conditions. (*See id.* at ¶ 3.)  The TSA also obligated GlobalRock to pay applicable taxes on the services it purchased from Verizon, including a New York State gross receipts tax. (*See id.* at ¶¶ 11, 31.)

GlobalRock alleges that Verizon began assessing improper charges against it in 2005, including charges for calls improperly classified as "intrastate," which carried with them higher rates.  According to GlobalRock, "despite repeated protests and requests that Verizon correct its improper bills and practices," (Pl. Mem. of Law at 2, Dkt. No. 31), and despite Verizon's repeated promises to remedy the errors, Verizon never did so, (*see* Am. Compl. ¶¶ 34, 50, Dkt. No. 20).

In addition to these charges, GlobalRock also disputed New York State tax charges that appeared on its invoices from May 1, 2006, through October 1, 2007, which GlobalRock alleged were not properly billable to it. (*See id.* at ¶¶ 61-62.)  To resolve the dispute regarding the applicability of the taxes, Verizon and GlobalRock negotiated a settlement agreement, which they executed on April 11, 2008. (*See id.* at ¶ 62.)  The settlement

3

agreement covers a set of taxes and surcharges referred to as the "Disputed Charges," which are defined as "various taxes and surcharges, including without limitation New York Gross Receipt Tax surcharges ... through the October 1, 2007 invoice."  (Settlement & Release Agreement, Preamble ¶ B, Dkt. No. 25:2.)  Under the agreement, in exchange for certain consideration provided by Verizon, GlobalRock "release[d] and forever discharge[d]" Verizon from any and all claims "arising under, or in any way related to, the Disputed Charges."  (*Id.* at ¶ 3(A).)  In addition, GlobalRock agreed to be "barred from bringing any claim, charge, complaint, or other action against [Verizon] relating to the Disputed Charges" and "from raising any disputes related to the Disputed Charges." (*Id.* at ¶ 3(C).)

On November 16, 2009, GlobalRock commenced this action, alleging various claims, several of which relate to the assessment of New York State taxes covered by the settlement agreement.  (*See, e.g.*, Compl. ¶¶ 11, 39-41, 47-48, 49-55, 59-64, 65-66, Dkt. No. 1.)  On December 22, 2009, Verizon moved to dismiss GlobalRock's complaint pursuant to Rule 12(b)(6) insofar as it relates to the tax charges, arguing that the settlement agreement bars such claims.  (Dkt. No. 11.)  On January 8, 2009, in

4

response to Verizon's motion, GlobalRock filed an amended complaint, which retained the tax-related claims and asserted independent claims of fraud.  (Dkt. No. 31.)  On February 8, 2010, Verizon filed the current motion to dismiss, again seeking dismissal of GlobalRock's amended complaint insofar as it relates to the New York State tax charges, and also seeking dismissal of GlobalRock's fraud claims, alleging that the claims fail to satisfy the heightened pleading requirements of Rule 9(b).  (Dkt. No. 25.)

### III. Standard of Review

The standard for judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 217-18 (N.D.N.Y. 2010).  As relevant to the current motion, claims sounding in fraud or mistake are subject to the heightened pleading requirements of Rule 9(b).  *See* FED. R. CIV. P. 9(b).  To comply with those requirements and survive a motion to dismiss, a complaint alleging fraud or mistake must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *ATSI*

5

*Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (citation omitted).  "This pleading constraint serves to provide a defendant with fair notice of a plaintiff's claim, [and to] safeguard his reputation from improvident charges of wrongdoing ...."  *Id.* (citation omitted).  Thus, "[a]llegations that are conclusory or unsupported by factual assertions are insufficient."  *Bay Harbour Mgmt. LLC v. Carothers*, 282 Fed. Appx. 71, 74 (2d Cir. 2008) (citation and internal quotation marks omitted).

## IV. Discussion

### A. Tax-Related Claims

Verizon seeks dismissal of GlobalRock's amended complaint insofar as it seeks relief related to the New York State tax charges, arguing that such claims were released under the settlement agreement and are therefore barred.  (*See* Def. Mem. of Law at 8-17, Dkt. No. 25:1.)  In line with its amended pleading, GlobalRock responds that the claims are not barred because the settlement agreement is void and unenforceable for several reasons.  (*See* Pl. Mem. of Law at 7- 21, Dkt. No. 31.)  Specifically, GlobalRock alleges that it was fraudulently induced to enter into the agreement; that there was a lack of "equal bargaining power" between the parties in negotiating the agreement; that the agreement was procured

6

through economic duress; and that the agreement was unconscionable. (*See* Am. Compl. ¶¶ 62-69, Dkt. No. 25:1.)  Verizon attacks each of these contentions, arguing that none provide an adequate basis for invalidating the settlement agreement under the circumstances alleged in GlobalRock's complaint.  While Verizon offers admittedly compelling arguments in this regard, and while the counter-arguments asserted by GlobalRock will likely be insufficient to avoid summary judgment, the court permits the challenged portions of the amended complaint to survive at this juncture and denies Verizon's motion to dismiss as to this issue.

**B.     Fraud Claims**

Verizon next seeks dismissal of Counts 5 and 6 of GlobalRock's amended complaint, which allege that Verizon fraudulently induced it to enter the TSA, and fraudulently handled its billing disputes.  (*See* Am. Compl. ¶¶ 49-58, Dkt. No. 25:1.)  Verizon argues that these claims fail to allege fraud with sufficient particularity and should therefore be dismissed.  (*See* Defs. Mem. of Law, at 17-20, Dkt. No. 25:1.)  Because the court is satisfied that GlobalRock's pleading provides the "fair notice" required by Rule 9(b), and because the court is not persuaded that dismissal of GlobalRock's claims for fraud is otherwise warranted at this juncture,

7

Verizon's motion is also denied as to these claims.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Verizon's motion to dismiss (Dkt. No. 25) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 17, 2010
Albany, New York

_____
United States District Court Judge