IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

**ELECTRONICALLY FILED**

| | |
|---|---|
| GLOBALROCK NETWORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-01284-MAD-RFT |
| ) | |
| MCI COMMUNICATIONS SERVICES, ) | |
| INC., d/b/a Verizon Business Network ) | |
| Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**AFFIDAVIT OF MELANIE L. BOSTWICK IN SUPPORT OF
VERIZON BUSINESS'S MOTION FOR SUMMARY JUDGMENT**

I, Melanie L. Bostwick, declare:

1.  I am an attorney with the law firm of Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., counsel for MCI Communications Services Inc., d/b/a Verizon Business Network Services ("Verizon Business") in the above-named action. I am familiar with the various files and records pertaining to the matter. I submit this Affidavit in support of Verizon Business's Statement of Material Facts in Support of Its Motion for Summary Judgment.

2.  Attached as Exhibit A is a true and correct copy of excerpts from the Deposition of Stu Sleppin in this matter, taken on February 23, 2012. Mr. Sleppin is the President of plaintiff GlobalRock Networks, Inc. ("GlobalRock").

3.  Attached as Exhibit B is a true and correct copy of excerpts from the Deposition of Alexei Archinov in this matter, taken on March 29, 2012.  Mr. Archinov is a technical consultant to GlobalRock.

4.  Attached as Exhibit C is a true and correct copy of deposition exhibit DX-10, which is the parties' Telecommunications Services Agreement ("TSA"), bates numbered VZB 06 0000515 – VZB 06 0000537 and dated July 9, 1999.

5.  Attached as Exhibit D is a true and correct copy of deposition exhibit DX-12, which contains the service-specific attachments to the TSA that governed Verizon Business's provision of Access Based Billing Carrier Termination Service and Access Based Billing Carrier Origination Service ("ABB Attachment"), bates numbered VZB 14 0000371 – VZB 14 0000439.

6.  Attached as Exhibit E is a true and correct copy of the service-specific attachment to the TSA that governed Verizon Business's provision of Carrier IP Termination Service ("IP Termination Attachment"), bates numbered VZB 14 0000241 – VZB 14 0000263.

7.  Attached as Exhibit F is a true and correct copy of deposition exhibit DX-11, which is the parties' Digital Services Agreement ("DSA"), bates numbered VZB 20 0000208 – VZB 20 0000220 and dated September 11, 2003.

8.  Attached as Exhibit G is a true and correct copy of deposition exhibit DX-14, which is the Assignment and Assumption Agreement through which GlobalRock's precedessor-in-interest assigned its rights and interests in the parties' contracts (including the TSA and DSA) to GlobalRock, bates numbered VZB 02 0000013 – VZB 02 0000014 and dated October 21, 2005.

9. Attached as Exhibit H is a true and correct copy of excerpts from the Deposition of Jay Grimaldi in this matter, taken on March 27, 2012.  Mr. Grimaldi is a Verizon employee designated by Verizon Business to provide expert testimony in this litigation.

10. Attached as Exhibit I is a true and correct copy of excerpts from the Deposition of Bob Artman in this matter, taken on November 9, 2011.  Mr. Artman is a Verizon employee.

11. Attached as Exhibit J is a true and correct copy of excerpts from the Deposition of David J. Malfara, Sr., in this matter, taken on March 28, 2012.  GlobalRock has designated Mr. Malfara to offer expert testimony in this litigation.

12. Attached as Exhibit K is a true and correct copy of ATIS Standard ATIS-0300064, Automatic Number Identification (ANI) Information Digit Codes, dated September 18, 1998.  GlobalRock relied on this industry document in its interrogatory responses and in the expert report served by Mr. Malfara, but GlobalRock refused to produce a copy of the document.  Therefore, Verizon Business independently obtained this copy of the document.

13. Attached as Exhibit L is a true and correct copy of Telcordia Technologies Technical Reference TR-NPL-000258, Compatibility Information of Feature Group D Switched Access Service, dated October 1985.  GlobalRock relied on this industry document in its interrogatory responses and in the expert report served by Mr. Malfara, but GlobalRock refused to produce a copy of the document.  Therefore, Verizon Business independently obtained this copy of the document.

14. Attached as Exhibit M is a true and correct copy of GlobalRock's Responses and Objections to Verizon Business's Fourth Set of Interrogatories, served on March 13, 2012.

15. Attached as Exhibit N is a true and correct copy of Verizon Business's Responses and Objections to GlobalRock's First Set of Interrogatories, served on October 14, 2011.

16.     Attached as Exhibit O is a true and correct copy of deposition exhibit DX-17, bates numbered VZB 04 0002240 – VZB 04 0002303, which is an invoice issued by Verizon Business to GlobalRock on October 1, 2009, for Access Based Billing Carrier Origination and Access Based Billing Carrier Termination services provided under the TSA.

17.     Attached as Exhibit P is a true and correct copy of GlobalRock's Responses and Objections to Verizon Business's First Set of Interrogatories, served on June 13, 2011.

18.     Attached as Exhibit Q is a true and correct copy of deposition exhibit DX-18, bates numbered VZB 04 0003546 – VZB 04 0003573, which is an invoice issued by Verizon Business to GlobalRock on October 1, 2009, for IP Carrier Termination services provided under the TSA.

19.     Attached as Exhibit R is a true and correct copy of deposition exhibit DX-19, bates numbered VZB 04 0003887 – VZB 04 0003888, which is an invoice issued by Verizon Business to GlobalRock on October 1, 2009, for services provided under the DSA.

20.     Attached as Exhibit S is a true and correct copy of Verizon Business's First Set of Requests for Admission (Nos. 1-20), served on April 25, 2011.

21.     Attached as Exhibit T is a true and correct copy of a letter from Keith Roland, counsel for GlobalRock, to Melanie Bostwick, counsel for Verizon Business, dated July 29, 2011.

22.     Attached as Exhibit U is a true and correct copy of deposition exhibit DX-20, bates numbered VZB 04 0002451 – VZB 04 0002510, which is an invoice issued by Verizon Business to GlobalRock on November 1, 2009, for Access Based Billing Carrier Origination and Access Based Billing Carrier Termination services provided under the TSA.

23.     Attached as Exhibit V is a true and correct copy of deposition exhibit DX-23, bates numbered VZB 04 0003659 – VZB 04 0003686, which is an invoice issued by Verizon Business to GlobalRock on November 1, 2009, for IP Carrier Termination services provided under the TSA.

24.     Attached as Exhibit W is a true and correct copy of deposition exhibit DX-24, bates numbered VZB 04 0003902 – VZB 04 0003903, which is an invoice issued by Verizon Business to GlobalRock on November 1, 2009, for services provided under the DSA.

25.     Attached as Exhibit X is a true and correct copy of deposition exhibit DX-21, which is a dispute filed by GlobalRock on January 31, 2010.

26.     Attached as Exhibit Y is a true and correct copy of deposition exhibit DX-22, bates numbered VZB 04 0004139 – VZB 04 0004140 and dated February 10, 2010, which is an e-mail from Melinda Voss to Alexei Archinov explaining Verizon Business's denial of GlobalRock's dispute.

27.     Attached as Exhibit Z is a true and correct copy of deposition exhibit DX-25, bates numbered VZB 04 0002652 – VZB 04 0002709, which is an invoice issued by Verizon Business to GlobalRock on December 1, 2009, for Access Based Billing Carrier Origination and Access Based Billing Carrier Termination services provided under the TSA.

28.     Attached as Exhibit AA is a true and correct copy of deposition exhibit DX-26, bates numbered VZB 04 0003757 – VZB 04 0003783, which is an invoice issued by Verizon Business to GlobalRock on November 1, 2009, for IP Carrier Termination services provided under the TSA.

29. Attached as Exhibit BB is a true and correct copy of deposition exhibit DX-29, bates numbered VZB 04 0003916 – VZB 04 0003917, which is an invoice issued by Verizon Business to GlobalRock on December 1, 2009, for services provided under the DSA.

30. Attached as Exhibit CC is a true and correct copy of deposition exhibit DX-27, which is a dispute filed by GlobalRock on February 23, 2010.

31. Attached as Exhibit DD is a true and correct copy of deposition exhibit DX-28, bates numbered VZB 04 0003832 and dated March 8, 2010, which is an e-mail from Melinda Voss to Stu Sleppin explaining Verizon Business's denial of GlobalRock's dispute.

32. Attached as Exhibit EE is a true and correct copy of deposition exhibit DX-15, bates numbered VZB 02 0000066 – VZB 02 0000068 and dated November 2, 2009, which is a letter from Coy Chezem to Stu Sleppin containing Verizon Business's demand for payment of GlobalRock's past-due, undisputed invoiced charges.

33. Attached as Exhibit FF is a true and correct copy of Exhibit C to GlobalRock's Rule 26(a)(1) Disclosures, dated March 31, 2011.  This document contains GlobalRock's calculation of the damages it is seeking in this litigation.

34. Attached as Exhibit GG is a true and correct copy of deposition exhibit DX-64, which is an e-mail from Robb Juliano to Alexei Archinov and Stu Sleppin, dated January 31, 2005.  GlobalRock produced this e-mail during discovery in this litigation.

35. Attached as Exhibit HH is a true and correct copy of deposition exhibit DX-65, which is a document describing the layout and contents of Verizon Business's Call Detail Records (or "CDRs").  GlobalRock produced this document during discovery in this litigation.

36. Attached as Exhibit II is a true and correct copy of deposition exhibit DX-66, which contains selected excerpts of Verizon Business's customer-facing call CDRs for calls delivered to GlobalRock.

37. Attached as Exhibit JJ is a true and correct copy of deposition exhibit DX-67, which contains selected excerpts of Verizon Business's customer-facing call CDRs for calls delivered to GlobalRock.

38. Attached as Exhibit KK is a true and correct copy of GlobalRock's Response to Verizon Business's Second Set of Requests for Admission (Nos. 21-50), served on June 29, 2011.

39. Attached as Exhibit LL is a true and correct copy of GlobalRock's Response to Verizon Business's Third Set of Requests for Admission (Nos. 51-58), served on October 7, 2011.

40. Attached as Exhibit MM is a true and correct copy of deposition exhibit DX-49, bates numbered VZB 04 0004493 – VZB 04 0004496 and dated October 9, 2009, which is an e-mail from Allana Orgain of Verizon Business to Stu Sleppin of GlobalRock.

41. Attached as Exhibit NN is a true and correct copy of deposition exhibit DX-32, which contains e-mails dated June 16, 2006, between Barbora Osten of Verizon Business, Stu Sleppin of GlobalRock, and Pete Golomb of GlobalRock. GlobalRock produced this document during discovery in this litigation.

42. Attached as Exhibit OO is a true and correct copy of deposition exhibit DX-34, which is a letter from Doug Hirsch (GlobalRock's tax counsel) to Robb Juliano of Verizon Business, bates numbered VZB 09 0000001 – VZB 09 0000008 and dated August 16, 2006.

43.     Attached as Exhibit PP is a true and correct copy of deposition exhibit DX-31, bates numbered VZB 00 0000327 – VZB 00 0000338 and dated April 11, 2008, which is the Settlement and Release Agreement through which the parties resolved their dispute concerning the application of New York State gross receipts taxes to services purchased by GlobalRock.

44.     Attached as Exhibit QQ is a true and correct copy of GlobalRock's Supplement to Interrogatory and Discovery Responses, served on May 4, 2012.

45.     Attached as Exhibit RR is a true and correct copy of the Expert Report of David J. Malfara Sr., dated December 14, 2011.  The last four digits of any telephone numbers cited in Mr. Malfara's report have been redacted to comply with 47 U.S.C. § 222 (which prohibits disclosure by telecommunications companies of certain identifying information of telecommunications customers).  Should the Court wish to review an unredacted version of Mr. Malfara's report, Verizon Business is prepared to submit the report under seal or pursuant to some other protective measure.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., this 26th day of October, 2012.

By: _____
Melanie L. Bostwick